WIGGINTON, Judge.
Appellants, Major General and Mrs. Peterson, appeal a summary final judgment entered in favor of appellee, Title & Trust, in their suit for damages pursuant to a title insurance policy issued by the title company. Although a myriad of facts encumber this case, we are in agreement with the trial court’s conclusion that no material facts creating any genuine issues have been raised which would defeat summary judgment, and we affirm.
The basis for the Petersons’ case is that Title & Trust, as the title insurer, is liable to them for damages suffered because of a delay in construction due to confusion, which was created by third parties, over a question of the potential applicability of certain restrictive covenants to the Peter-sons’ property. The trial court found, and we agree, that no genuine issue exists as to the applicability of the covenants. The Pe-tersons assert that Title & Trust is liable because of its failure to act promptly to eradicate the confusion.
The facts show that Title & Trust breached neither the title insurance contract guarantee nor any duty owed to appellants in its handling of the matter. The title insurance policy issued to the Petersons by the title company did not exclude the restrictive covenants in question. Therefore, by issuing the policy, Title & Trust had given its opinion and insured against any potential applicability of those restrictive covenants to the Petersons’ property. No further duty of assurance accrued as to Title & Trust. Although, admittedly, Title & Trust did delay in responding to the Petersons’ inquiries from Oslo, Norway, where General Peterson, accompanied by his wife, was on military assignment, concerning applicability of the restrictive covenants, undisputed evidence in the record shows that Title & Trust did correspond and verbally communicate with the Petersons’ several local agents in an effort to pacify them by providing further assurance of the title company’s position that the restrictive covenants did not apply.
There being no basis in the record to hold Title & Trust liable, the order of summary final judgment was correct and is, therefore, AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and SHIVERS, J., concur.